**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ALIESHA YOUNG, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )     No. 49A04-1106-CR-336 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Richard D. Sallee, Senior Judge
Cause No. 49F18-0905-FD-47802

**January 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Aliesha Young appeals her convictions for criminal recklessness, as a Class D felony, and criminal mischief, as a Class D felony, following a jury trial. Young presents a single issue for our review, which we restate as whether the trial court abused its discretion when it did not declare a mistrial following allegedly improper remarks made by the prosecutor in his closing argument.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On April 25, 2009, Young, who was then living with her boyfriend, Frank Marshall, encountered Patrice Allen, who has a child with Marshall. Allen had just dropped off their child at Marshall's house, and she and Marshall had argued before she left in a car with her mother, three other children, and a nephew. Allen's car was stopped at a nearby intersection when Young approached that location in her car. Young pulled up next to Allen's car, and the two women argued while they sat in their respective cars. At one point, Young threw a thirty-two ounce cup containing liquid at Allen, and the cup and its contents struck Allen in her face.

Allen then exited her car and was standing near the open door of her car when Young drove her car towards Allen and pinned her between the two cars. Young then put her car in reverse, freeing Allen. But Young drove towards Allen a second time, and Allen jumped up and landed on the hood of Young's car. Young then drove off, with Allen clinging to the hood of her car. After driving erratically for some distance, Young eventually stopped the car, causing Allen to be thrown from the hood of the car to the ground. Young then struck Allen with her car a third time before driving away. A

responding police officer observed abrasions on Allen's legs and arms, but she refused medical treatment.

The State charged Young with criminal recklessness and criminal mischief. The State presented the testimony of four eyewitnesses, including a bystander, Tina Burns, who is unrelated to Allen. Young testified in her defense that Allen and her family members attacked Young and that her conduct was only intended to evade further attack. A jury found Young guilty as charged. And the trial court entered judgment and sentence accordingly. This appeal ensued.

## DISCUSSION AND DECISION

Young contends that during the State's closing argument, the prosecutor made comments suggesting that Young bore the burden to prove her innocence. Young maintains that those comments constituted prosecutorial misconduct that placed her in a position of grave peril. We cannot agree.

At trial, Young testified on direct examination that Allen had a knife and used it to cut Young's face during the altercation. And Young testified on cross examination that Allen damaged the hood of her car after she "jumped" on it. Transcript at 160. The prosecutor asked Young whether she had photographs of the damage to her car, without objection, and Young responded in the negative. The prosecutor also asked Young whether she had photographs of the alleged cut to her face, to which Young responded that she did have photographs of the injury and that she intended to show those photographs to the jury. Again, Young did not object to those questions. And Young did not submit any photos of her alleged injury to the jury.

3

During the State's closing argument, the prosecutor stated in relevant part:

Now let's take a second to look at who are you going to believe. Are you going to believe [Allen] and [Allen's mother] and [Allen's son] and [Burns]? You are going to believe them or you are going to believe the Defendant's testimony. Let's just take a brief second to look at her testimony. Her testimony is that the kids as well as [Allen] got out of the car and started beating on her car—started attacking her car. Said that there was damage to the hood of her car, right, <u>show us the pictures, show us something to corroborate it</u>. Patrice Allen said her leg was injured. We showed you the pictures. Said the car was injured, we showed you the pictures. <u>Where [are] [Young's] pictures</u>? If she says the car was damaged why can't she show pictures? Maybe she is not believable. . . . She said the victim stuck her hand in the car while riding on the hood holding on with the other hand. Stuck her hand through her window and stabbed her. So she was injured, <u>great show us the picture</u>. Show us the cut on the face. Patrice was injured. We showed you the pictures. Is she believable?

Transcript at 182-83 (emphases added).

Young did not make a contemporaneous objection, but later, at the conclusion of the State's closing argument and outside the presence of the jury, Young objected to the comments and moved for a mistrial. The trial court denied that motion and called the jury back into the courtroom. Then, in the presence of the jury, Young objected to the comments again and requested an admonishment. Both the prosecutor and the trial court clarified to the jury that the State bore the burden of proof. In particular, the following colloquy occurred:

DEFENSE COUNSEL: Judge our objection is just that in the State's closing argument they [sic] seemed to characterize that the defense had a burden to show pictures or show something and we just wanted to admonish the jury that it has no burden to do anything. It is the State's burden to prove that my client is guilty of the elements . . . of the crime[s] she has been charged with.

COURT: You have any response to that?

PROSECUTOR: It was not the State's intent, Your Honor, to give any impression that the defense had a burden of any kind.

4

> COURT: Okay, now the jury has heard the arguments that they made and you've heard the evidence, you can decide your case based on the law and the evidence and <u>I will instruct you later that the defense has no burden to prove anything</u>. But whether he implied they had a burden I am not sure but you have heard the argument.

<u>Id.</u> at 190 (emphasis added). Defense counsel did not ask the trial court to make any further admonishment or move for mistrial, but proceeded to make his closing argument. The trial court's final instructions to the jury included instructions that the State had to prove each element of the crimes beyond a reasonable doubt.

Because the trial court is in the best position to evaluate the relevant circumstances of an event and its impact on the jury, the trial court's determination of whether to grant a mistrial is afforded great deference on appeal. <u>Bradley v. State</u>, 649 N.E.2d 100, 107 (Ind. 1995). To succeed on appeal from the denial of a motion for mistrial, the appellant must demonstrate the statement or conduct in question was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. <u>Id.</u> Mistrial is an extreme remedy invoked only when no other measure can rectify the perilous situation. <u>Id.</u> We determine the gravity of the peril based upon the probable persuasive effect of the misconduct on the jury's decision rather than upon the degree of impropriety of the conduct. <u>Id.</u> at 107-08. Moreover, reversible error is seldom found when the trial court has admonished the jury to disregard a statement made during the proceedings. <u>Id.</u> at 108. Failure to grant a mistrial may not be asserted on appeal where an admonishment is accepted without further objection or claim that it is insufficient. <u>TRW Vehicle Safety Sys. v. Moore</u>, 936 N.E.2d 201, 213 (Ind. 2010).

For the first time on appeal, Young asserts that the trial court's admonishment was insufficient to cure the alleged prejudice. In particular, she maintains that the trial court's statement "did not carry the force of a proper admonishment and thus was insufficient to undo the damage done by the State's suggestion that Young had a burden to produce photographic evidence to prove her innocence." Brief of Appellant at 9. But not only did Young accept the trial court's admonishment without further objection or argument, but Young did not reiterate her demand for a mistrial, which had been made prior to her request for an admonishment. Accordingly, the issue is waived. See id. Indeed, Young has also waived the issue for failure to make a contemporaneous objection to the alleged improper comments. The challenged remarks appear on pages 182 and 183 of the transcript, but Young's objection does not appear until page 190 of the transcript. See Etienne v. State, 716 N.E.2d 457, 461 n.3 (Ind. 1999) (holding alleged prosecutorial misconduct waived where objection appeared "nine sentences later" than the challenged remarks in the transcript).

Waiver notwithstanding, we address the merits of Young's contention on appeal. It is improper for a prosecutor to suggest that a defendant shoulders the burden of proof in a criminal case. Stephenson v. State, 742 N.E.2d 463, 483 (Ind. 2001), cert. denied, 534 U.S. 1105 (2002). However, a prosecutor's improper statements suggesting a defendant's failure to present evidence may be cured by the trial court advising the jury that the defendant was not required to prove his innocence or to present any evidence. See id.

Here, Young testified that she had photographs of the injury to her face, and in closing, the prosecutor merely pointed out that Young did not submit any such photos to

6

the jury. And the prosecutor reiterated Young's testimony that she did not have photographs of the damage to her car. Any improper suggestion by the prosecutor that Young bore the burden to prove her innocence by producing such photographs was resolved after both the prosecutor and the trial court clarified otherwise. In addition, the trial court gave several preliminary and final jury instructions informing the jury that the State bore the burden to prove each element of each crime beyond a reasonable doubt. And the trial court issued a preliminary instruction stating:

> Under the law of this State, a person charged with a crime is presumed to be innocent. To overcome the presumption of innocence, the State must prove the Defendant guilty of each essential element of the crime charged beyond a reasonable doubt.
>
> The Defendant is not required to present any evidence to prove her innocence or to prove or explain anything.

Id. at 72 (emphasis added). We conclude that Young has not demonstrated that the prosecutor's remarks placed her in a position of grave peril. Thus, we hold that the trial court did not abuse its discretion when it denied her motion for a mistrial. See Stephenson, 742 N.E.2d at 483 (holding any misconduct was de minimus and overcome by the admonishment and preliminary and final instructions stating that the State bore the burden of proof).

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.

7